**Darlene Mullen RODGERS,**
**Plaintiff—Appellant,**

v.

**AMERICAN AIRLINES, INC., a Delaware corporation; AMR Corporation, a foreign corporation; ABC Corporations, Defendants—Appellees.**

No. 00–16155.

D.C. No. CV–98–01963–SMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Dec. 27, 2001.

Before CANBY, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Plaintiff Darlene Mullen Rodgers appeals the district court's summary judgment in favor of the defendant, American Airlines, in an action alleging Title VII racial discrimination and retaliation. The district court dismissed Rodgers' complaint for failure to file a timely Equal Employment Opportunity Commission ("EEOC") charge before commencing her suit. We reverse and remand for further proceedings.

This case is controlled by *Casavantes v. California State University, Sacramento*, 732 F.2d 1441 (9th Cir.1984), in which we held that the filing of an intake questionnaire was sufficient to serve as the filing of a charge when it gives the EEOC sufficient information to identify the parties and to describe the practices complained of. *See id.* at 1442–43. We pointed out that our ruling was "consistent with the recent trend in Title VII jurisprudence which recognizes the importance of nontechnical interpretations of the procedural requirements inherent in the processing of discrimination claims." *Id.* at 1442. We also noted that "a liberal construction is particularly appropriate in situations in which the complainant is acting *pro se*." *Id.*

As in *Casavantes*, Rodgers, acting *pro se*, filed a questionnaire with the EEOC that sufficiently identified the parties and practices of which Rodgers complained. The questionnaire was filed within the time required for the filing of a charge. Any technical deficiencies in Rodgers' questionnaire charge were cured by amendment ** when she filed a formal charge document a year later in May 1998. *See Casavantes*, 732 F.2d at 1443.

It is understandable that the district court did not take account of *Casavantes* because Rodgers, who was represented in the district court, did not cite *Casavantes* there. Nevertheless, a copy of the ques-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

** 29 C.F.R. § 1601.12(b) provides in part:

A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments ... will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

tionnaire and the circumstances of its filing were before the court, and Rodgers argued that equitable tolling and equitable estoppel should be applied to render her charge timely. We conclude that the entire issue of timeliness was sufficiently presented, and the failure to cite a particular precedent should not prejudice the plaintiff. *Cf. Elder v. Holloway,* 510 U.S. 510, 514–16, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994) (appellate court must decide question of law of qualified immunity in light of all its precedent, not just those cited to district court).

We need not delay our disposition to await the decision of the Supreme Court in *Edelman v. Lynchburg College,* 228 F.3d 503 (4th Cir.2000), *cert. granted,* —— U.S. ——, 121 S.Ct. 2547, 150 L.Ed.2d 715 (2001). *Edelman* involves the question whether a charge can be effective even though it was not verified. Here, Rodgers' original questionnaire was signed and verified.

The judgment of the district court is reversed and the matter is remanded for further proceedings.*** The district court dismissed the state law claims without prejudice, exercising its discretion not to retain supplemental jurisdiction over them upon dismissal of the Title VII claim. Because we reverse the dismissal of the Title VII claim, we also reverse the dismissal of the state law claims.

REVERSED AND REMANDED.

*** Our disposition makes it unnecessary for us to address the issues of equitable tolling or equitable estoppel.

